```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>TEIMURAZ TAVBERIDZE,<br><br>Defendant. | 23-cr-585-03 (JSR)<br><br>MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.:

As expressly contemplated by the Court's Opinion dated March 10, 2025, United States v. Tavberidze, No. 23-cr-585-03, ECF No. 143, 4 (Mar. 10, 2025), the Government was accorded a full opportunity at the sentencing hearing of defendant Teimuraz Tavberidze on March 13, 2025 to raise objections to the Court's preliminary decision that section 3E1.1(b) of the Sentencing Guidelines ("Guidelines") imposes a constitutional penalty on defendants who proceed to trial rather than pleading guilty sufficiently early to save the Government the burden of preparing for trial. The Government, taking full advantage of this opportunity, offered numerous objections over the course of a lengthy colloquy,[1] but the Court was unpersuaded and, confirming

---

[1] Had the Government also wanted to submit written objections, it would, under the Court's Individual Rules, simply have had to make a joint telephone call to Chambers prior to sentencing, see Jed S. Rakoff, Individual Rules of Practice, Rule 2, but it chose not to do so.

1

the analysis in its Opinion, reduced the defendant's offense level by one point.

Three items arising during the argument deserve, however, brief further comment. First, during the argument the Court inadvertently referred to the "Eighth" Amendment right to trial. As was obvious to all convened, what the Court meant to refer to was the Sixth Amendment right to trial. The Court reiterates its holding that section 3E1.1(b) of the Sentencing Guidelines violates the Sixth Amendment right to trial.

Second, the Government argued that because section 3E1.1 is phrased as a benefit to a defendant who pleads guilty in a timely fashion, it should not be viewed as a penalty. But this argument ignores the fact that for several decades now, more than ninety-seven percent of federally-charged criminal defendants have pled guilty, and nearly all in sufficiently timely fashion to receive the full three-point reduction under sections 3E1.1(a) and (b). The reality, therefore, is that the three-point reduction is the overwhelming norm, and only those few defendants who dare to exercise their constitutional right to go to trial fail to receive it. Moreover, the chief beneficiary of the third point under section 3E1.1(b) is, as its language suggests, the Government. Thus, in reality, section 3E1.1(b) operates as a penalty that is imposed only on those few defendants who choose to go to trial and primarily for the benefit of the Government. Applying the one-

point reduction thus ensures that all defendants are treated equally, regardless of whether or when they choose to exercise their Sixth Amendment right.

Third, at argument, the Government made a point of claiming that a Second Circuit case, United States v. Whitten, 610 F.3d 168 (2d Cir. 2010), established that section 3E1.1(b) does not violate the Sixth Amendment. That is not correct. In Whitten, the defendant was indicted on both capital and non-capital counts and proceeded to trial, where a jury voted to convict him across the board and impose the death penalty. At the sentencing phase of the death penalty proceedings, the defendant read aloud an allocution of remorse in order to "support the mitigating factors of remorse and acceptance of responsibility and to counter the prosecution's aggravating factor of future dangerousness." Id. at 177. The Government, in turn, responded during its summation with the following statements:

> [The defendant] up until the very moment that he addressed you last week has done everything he could to escape responsibility for his crimes. He has an absolute right to go to trial, put the government to its burden of proof, to prove that he committed these crimes, but he can't have it both ways. He can't do that [and] then say I accept responsibility. . . . That's not acceptance of responsibility. That's a manipulative criminal saying what he has to, saying what he knows you want to hear when it's in his interest to say it.

Id. at 194 (emphases omitted). "In purpose and effect," the Second Circuit noted, the Government "used [the defendant's] demand for

3

trial to evidence lack of remorse and refusal to accept responsibility" and as "support for the aggravating factor of future dangerousness." Id. at 195. Accordingly, the Second Circuit reversed the defendant's death sentence, holding that the Government's statements violated the defendant's Sixth Amendment right to trial.

It is true that the Second Circuit also noted in passing that "the federal Sentencing Guidelines treat acceptance of responsibility (usually via a plea) as a basis for leniency, but do not provide a harsher sentence for failure to plead" and that section 3E1.1 "does not contemplate increased punishment for a failure to cooperate." Id. at 195-96 (citations and quotation marks omitted). But these passing comments were dicta at best, having nothing to do with the Court's holding in the case. Moreover, nowhere in the appeal, did the defendant raise, even remotely, the Sixth Amendment challenge to section 3E1.1(b) set forth in this Court's recent Opinion. Indeed, Whitten did not consider in any way any challenge to the Guidelines calculations. It thus has no bearing on the Court's decision.

For these and the other reasons set forth at the sentencing hearing, this Court confirms once again its holding that section 3E1.1(b) violates the Sixth Amendment right to trial.

SO ORDERED.

New York, NY

3/14, 2025

_____
JED S. RAKOFF, U.S.D.J.